## THE PEOPLE *v.* BONANO.

### APPEAL from the District Court of San Juan.

No. 35.—Decided October 23, 1906.

APPEAL—CRIMINAL COMPLAINT—DISMISSAL—CONVICTION OF A CRIME DIFFERENT FROM THE ONE CHARGED IN THE COMPLAINT—EFFECTS THEREOF IN RELATION TO THE PROCEEDINGS ON APPEAL.—The fact that a municipal court finds a defendant guilty of a different crime from the one charged in the complaint will not affect the proceedings on appeal before the district court where the case is tried *de novo;* nor will the fact that the district court finds the defendant guilty of a crime justified by the complaint but different from the one of which he was found guilty by the municipal court warrant the dismissal of the complaint or the reversal of the judgment appealed from.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for The People.

The appellant did not appear.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal taken from the sentence of the District Court of San Juan in a case of false pretense (*falsa representación é impostura*).

The case began in the Municipal Court of San Juan, wherein a complaint was presented against the defendant in that on the 13th day of March, 1906, a $20 bill having been found by José Rivera, the defendant, making Rivera believe said bill was counterfeit, obtained the same from him for the purpose of seeing whether it could be changed and appro-

priated it. An appeal being taken from the municipal court which had sentenced the defendant to the penalty of four months in jail for the crime of embezzlement, and trial being held before the district court, the defendant was declared guilty of false pretenses and sentenced to two months in jail and the payment of costs.

The attorney of the defendant presented a motion asking for a new trial grounded on the fact that the proceeding was rendered null on account of there having been two distinct convictions in the same trial, but at the time of the hearing he withdrew the motion and presented a petition for dismissal based on the fact that the defendant had been convicted in the municipal court of one offense and sentenced in the district court for another distinct from the first. This petition was dismissed. There is no bill of exceptions or statement of facts and no argument of any kind have been presented to this court on behalf of the appellant.

The question presented to us for decision is whether the action of the municipal court in naming the defendant guilty of one crime and of the district court in naming him guilty of another entitles the defendant to a dismissal of his case. The sentence of the municipal court was erroneous in finding the defendant guilty of a crime which the complaint did not justify, but such a sentence is not void. The complaint sufficiently sets up a crime. The proceeding in the district court is a trial *de novo,* and has no reference to the sentence in the municipal court, therefore we cannot see how the error of that court could affect the subsequent proceedings.

The defendant apparently went to trial in the district court without question, and the judgment of the appellate court in finding him guilty of false pretenses followed the facts of the complaint. We find no error in the proceedings, and the judgment of the district court must be affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and MacLeary concurred.